IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CAMERON S. GUTHRIE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.  2:23-cv-286-ECM-CWB |
| | ) | |
| ALABAMA (and its employees), | ) | |
| | ) | |
| Defendants. | ) | |

### RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff Cameron S. Guthrie, proceeding *pro se*, filed this action on April 28, 2023 (Doc. 1) and sought leave to proceed *in forma pauperis* (Doc. 2).  Referral subsequently was made to the Magistrate Judge for further proceedings (Doc. 4).  By Order dated May 12, 2023 (Doc. 5), *in forma pauperis* status was granted and service of process was deferred pending threshold review pursuant to 28 U.S.C. § 1915(e).[1]

After conducting such review and concluding that the Complaint was insufficiently pleaded, the Magistrate Judge issued an Order on May 22, 2023 (Doc. 6) directing Plaintiff to file an Amended Complaint by June 5, 2023.  The Order set out with specificity how the Complaint was deficient and what information should be included in the Amended Complaint.  (*Id*. at pp. 5-6).  Plaintiff additionally was cautioned that "**failure to file an Amended Complaint meeting the requirements of this Order and the Federal Rules of Civil Procedure will result in a recommendation that the action be dismissed**." (*Id.* at p. 7) (bold in original).  Upon request,

---

[1] Section 1915(e) provides that "the court shall dismiss the case at any time if the court determines that ... the action or appeal– (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

1

Plaintiff was afforded additional time to comply. (*See* Docs. 7 through 12). Nonetheless, Plaintiff failed to file an Amended Complaint by the extended deadline of September 22, 2023.

It is settled that pro se litigants are required to conform to procedural rules and obey court orders. *See Saint Vil v. Perimeter Mortg. Funding Corp.*, 715 F. App'x 912, 915 (11th Cir. 2017). So too is it settled that courts have authority to impose sanctions for failure to prosecute or obey an order. Such authority "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* It further empowers courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id*. at 630-31. Considering Plaintiff's willful failure to comply with instructions to replead—despite having been granted multiple extensions of time for doing so—the undersigned finds that any sanction lesser than dismissal would not be appropriate in this instance. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (noting that "dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion") (citations omitted).

Dismissal also would be proper for the reasons set forth in the May 22, 2023 Order. (Doc. 6). In short, the Complaint (Doc. 1) fails to comply with the requirements of Rule 8 of the Federal Rules of Civil Procedure. Most notably, Plaintiff has failed to articulate any basis for the court to exercise subject matter jurisdiction, *i.e.*, Plaintiff has not identified any federal authority under which he brings his claims <u>or</u> alleged sufficient facts to support diversity jurisdiction. *See* Fed. R. Civ. P. 8(a)(1) ("A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction."); *Gamble v. Allstate Ins. Co.*, No. 22-12861, 2023 WL 334385, * 1 (11th Cir. Jan. 20, 2023) ("Because the district court had no reason to think that it had power to hear this lawsuit, it had no choice but to dismiss Gamble's amended

complaint."); *see also* Fed. R. Civ. P. 12(h).  Moreover, Plaintiff has failed to plead sufficient facts to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Plaintiff does not identify any particular Alabama employee(s) who engaged in allegedly wrongful conduct, nor does Plaintiff otherwise provide enough factual context to support a potential cause of action.  At most, the Complaint contains the type of "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" and "naked assertion[s] devoid of further factual enhancement" that have been deemed insufficient by the United States Supreme Court to state a plausible claim.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007)).  Not only that, Plaintiff's efforts to assert a claim against the State of Alabama would be barred by Eleventh Amendment immunity.  *See, e.g., Selensky v. Alabama*, 619 F. App'x 846, 848-49 (11th Cir. 2015).

For all of these reasons, the undersigned Magistrate Judge hereby **RECOMMENDS** that this action be **DISMISSED** without prejudice.

It is **ORDERED** that any objections to this Recommendation must be filed no later than October 11, 2023.  An objecting party must identify the specific portion of the factual findings or legal conclusions to which the objection is made and must describe in detail the basis for the objection.  Frivolous, conclusive, or general objections will not be considered.

Failure to file a written objection to this Recommendation shall bar a party from a de novo determination by the District Court of any factual findings or legal conclusions contained herein and shall waive the right of the party to challenge on appeal any subsequent order that is based on factual findings and legal conclusions accepted or adopted by the District Court, except upon grounds of plain error or manifest injustice.  11th Cir. R. 3-1; *see also Resolution Trust Corp. v.*

*Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

    **DONE** this the 27th day of September 2023.

                                           **CHAD W. BRYAN**
                                           **UNITED STATES MAGISTRATE JUDGE**